# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| GERALD L. CASKEY, | ) |
| Plaintiff, | ) ) |
| v. | ) No. 4:09-CV-935 CAS |
| CORRECTIONAL MEDICAL SERVICES, | ) ) ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on the application of Gerald L. Caskey (registration no. 1145847) for leave to commence this action without payment of the required filing fee.

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account; or (2) the average monthly balance in the prisoner's account for the prior six-month period. See 28 U.S.C. § 1915(b)(1). After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. See 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. Id.

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. See 28 U.S.C. § 1915(a)(1),(2). A review of plaintiff's account statement indicates an average monthly deposit of $80.42, and an average monthly account balance of $9.62. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $16.08, which is 20 percent of plaintiff's average monthly deposit.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1974 (2007).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

## The complaint

Plaintiff seeks monetary relief in this 42 U.S.C. § 1983 action against Correctional Medical Services ("CMS"). Plaintiff alleges that his "nerve stimulator" was not working properly, he developed "an infection in the battery," and he "had pain and suffering for three months before [he]

had to have new wires replaced." Plaintiff states that he had requested to see another doctor, other than Dr. Anthony Anderson "because [he] did not trust him." In addition, on February 26, 2009, "Dr. Mullen put [plaintiff] on antibiotics to keep [him] from getting an infection which did not help because [he] still got the infection." Dr. Mullen also ordered Thermazene cream "knowing that this cream would cause Stevens-Johnson Syndrome which could cause a rash and sudden death." Plaintiff states that he continues to suffer from pain, and he believes his nerve stimulator is still not working properly.

## Discussion

Having carefully reviewed the complaint and the supplement thereto, the Court concludes that this action is legally frivolous as to defendant CMS, because plaintiff has failed to assert any allegations against this corporate defendant. See Sanders v. Sears, Roebuck & Co., 984 F.2d 972, 975-76 (8th Cir. 1993) (to state a claim against private corporation acting under color of state law, plaintiff must allege existence of policy, custom, or official action that caused actionable injury; corporation will be held liable only for its own unconstitutional policies); Martin v. Sargent, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege defendant was personally involved in or directly responsible for incidents that injured plaintiff); Boyd v. Knox, 47 F.3d 966, 968 (8th Cir. 1995) (respondeat superior theory inapplicable in § 1983 suits). Moreover, mere negligence in diagnosing or treating a medical condition does not rise to the level of a constitutional violation, Estelle v. Gamble, 429 U.S. 97, 106 (1976), and a mere disagreement over treatment methods also does not rise to the level of a constitutional violation. Smith v. Marcantonio, 910 F.2d 500, 502 (8th Cir. 1990). For these reasons, the complaint will be dismissed as legally frivolous.

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis is **GRANTED**. [Doc. 2]

**IT IS FURTHER ORDERED** that plaintiff shall pay an initial partial filing fee of $16.08 within thirty (30) days from the date of this order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel is **DENIED** as moot. [Doc. 4]

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint, because the complaint is legally frivolous and fails to state a claim upon which relief may be granted. See 28 U.S.C. § 1915(e)(2)(B).

An appropriate order of dismissal shall accompany this memorandum and order.

**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this  10th  day of August, 2009.